IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JOHN DOUGLAS EASLEY**            **PLAINTIFF**

**v.**            **No. 1:10CV263-D-A**

**LOWNDES COUNTY ADULT DETENTION
CENTER, ET AL.**            **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of John Douglas Easley, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Easley alleges that the defendants denied him adequate medical care during his stay at the Lowndes County Adult Detention Center. The defendants have moved for summary judgment. Easley has not responded, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the motion by the defendants for summary judgment will be granted and judgment entered for the defendants.

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert.*

*denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## Undisputed Material Facts[1]

John Easley filed his complaint against the defendants in this case alleging that he was denied adequate medical care while an inmate at the Lowndes County jail. However, the attachments to his complaint reveal that he was provided extensive medical care while incarcerated at the jail. Easley was booked into the jail on July 31, 2010, and released from jail on February 25, 2011. He was taken to the local emergency room before he was booked. During his stay at the jail, Easley saw the jail doctor three times, went to the emergency room four times, visited Dr. Mike Berry three times, and underwent hernia surgery. The defendants also provided all prescription medication that was ordered by the doctors that treated him. This medical treatment is documented in the affidavit of Lowndes County Jail Staff Nurse Sarah Rickert. Her affidavit incorporates a copy of Easley's jail file, including his medical treatment.

## Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would

---

[1] For this memorandum opinion, the court has used the facts forth in the defendants' Memorandum Brief in Support of Motion for Summary Judgment, which are documented in the record and not in legitimate dispute.

establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This same subjective deliberate indifference standard has been applied to pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Given the extensive and well-documented medical treatment Easley received while detained at the Lowndes County Jail, his claim of denial of medical care must fail. Far from Easley's claim of deliberate indifference, the defendants provided him medical care repeatedly for a variety of complaints and eventually took him in for hernia surgery. He received the medications prescribed to him. The plaintiff's claims are wholly without merit. The motion by the defendants for summary judgment will be granted and judgment entered for the defendants. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 27th day of August, 2012.

/s/ Glen H. Davidson
SENIOR JUDGE